IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LYONDELL CHEMICAL COMPANY AND EQUISTAR CHEMICALS, LP, <br><br>  Plaintiffs, <br><br> v. <br><br> RESCAR COMPANIES D/B/A RESCAR COMPANIES, INC., <br><br>  Defendant | § § § § § § § § § § § § § § § <br><br> Civil Action No. <br> 4:25-cv-1777 |

**PLAINTIFFS' ORIGINAL COMPLAINT**

Plaintiffs Lyondell Chemical Company and Equistar Chemicals, LP (collectively "***LYB***") file this Original Complaint against Defendant Rescar Companies d/b/a Rescar Companies, Inc. ("***Rescar***") and respectfully state as follows.

**I.
PARTIES**

1. Lyondell Chemical Company is a corporation organized under the laws of Delaware with its principal place of business in Houston, Texas.

2. Equistar Chemicals, LP is a limited partnership organized under the laws of Delaware with its principal place of business in Houston, Texas.

1

3. Rescar is a corporation organized under the laws of the State of Nevada with its principal place of business in Illinois. Rescar may be served with process in this case through its registered agent for service, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## II.
## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction of this action pursuant to section 28 U.S.C. § 1332(a)(1), because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity between the Parties.

5. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district.

6. The Court has personal jurisdiction over Defendant because Defendant directed its conduct to this district and because the acts and omissions at issue occurred in whole or substantial part in this district.

## III.
## STATEMENT OF FACTS

**Summary**

7. From late 2022 through January 2023, Rescar performed repair services on approximately 128 LYB railcars used to transport LYB's product. By Rescar's after-the-fact admission, its work was a complete failure and caused damage to many of the cars. Yet, Rescar has refused to pay for the substantial damages incurred by LYB caused by Rescar's defective work, including costs of inspection, corrective

repair work, and even significant physical damage to LYB product shipped in the cars. This lawsuit is brought by LYB to recover those damages.

**Rescar's Failure to Properly Repair Damage to LYB's Hopper Cars**

8. LYB is a global chemical company with operations throughout the Gulf Coast of Texas, including Houston. As a part of its broader transportation and logistics structure, LYB uses various rail cars, known as "hopper cars," to bulk transport certain products from its chemical facilities to customers or other destinations. These products include plastic polyolefin pellets such as polyethylene and polypropylene.

9. On its website Rescar describes itself as "the largest privately owned provider of railcar maintenance in North America" and states that its services range "from cleaning and repairs to painting and lining." It has facilities nationwide, including in the Pasadena and Deer Park, Texas areas.

10. From October 2022 through January 2023, LYB engaged Rescar to repair and upgrade approximately 128 of LYB's hopper cars. Rescar's work included repairing interior coatings of the hopper cars. All of Rescar's work was done by a Rescar mobile unit based out of Rescar's Pasadena, Texas facility.

11. In mid-2023, a few months after Rescar allegedly completed its work, LYB discovered significant problems with the interior coatings of the cars. LYB initially noticed that the coatings were uncured—meaning the paint was still wet

months after application—and that there was welding debris (without proper cleaning) and rust present, which Rescar tried to conceal with paint. Examples of the wet paint and rust found in the hopper cars are shown here:



12. As shown above, LYB's product, polyolefin pellets, was stuck in and damaged by these improper coatings. These photos also show examples of the improperly prepared surfaces.

**Rescar's Investigation of the Damages to LYB**

13. After LYB reported these issues, Rescar conducted its own investigation. It later provided a copy to LYB. The findings were striking. Rescar's investigation identified the project as a "total breakdown" stemming from workers who failed to follow proper process and procedures and supervision which "failed to provide proper oversight" and which "did not ensure that the appropriate policies

and procedures were followed". From beginning to end Rescar confirmed its work did not meet the required standards or requirements for the work. An example excerpt from Rescar's investigation report is shown here:



14. Rescar's report also identified the damages incurred by LYB and identified various corrective actions necessary to prevent this from happening again. To its credit, at this stage at least, Rescar was openly acknowledging its failures.

15. LYB had to address and correct all of this, at LYB's substantial cost. LYB had to store and repair the impacted cars. It brought in another contractor to correct Rescar's work. LYB's product transported in the cars was physically damaged and had to be downgraded and sold at a discounted price to its customers. Several customers also had the product in their silos, which had to be removed and

addressed by LYB. In the end, once corrected, LYB had to have these hopper cars inspected before releasing them back into service. LYB's direct damages exceed $3.6 million.

16.  LYB requested that Rescar reimburse it for the damages it suffered. LYB and Rescar entered a Tolling Agreement effective October 1, 2024 and running through October 1, 2026. Although Rescar's own investigation determined that its failures caused these damages, Rescar failed to reimburse LYB and has not accepted financial responsibility as of the time this lawsuit is being filed.

## IV.
## CAUSES OF ACTION

17.  LYB incorporates by reference the preceding paragraphs as if fully set forth herein, all of which apply to the following claims and causes of action.

### Breach of Contract

18.  Rescar was engaged to perform services as set forth herein for LYB's cars. As LYB was Rescar's customer, Rescar should have performed its services in the manner required to perform the services fully and appropriately. Rescar failed to do so and is liable for breach of contract. As a result of such breach of contract, LYB suffered the injuries and damages set forth herein, including its full actual damages and including damages to LYB's other product stored and transported in the cars.

19.  As a result of such breach of contract, Rescar is liable to LYB for any

6

and all damages proximately caused, as well as prejudgment and post-judgment interest as allowed by law, costs of court, reasonable and necessary attorneys' fees pursuant to Texas Civil Practices & Remedies Code Section 38.001, and any other remedy available at law or equity.

## Breach of Warranty

20. Rescar is liable to LYB for breach of warranty. Specifically, Rescar sold and provided services to LYB, those services consisted of the repair and modification of LYB's existing tangible goods and property, Rescar failed to perform those services in a good and workmanlike manner, and LYB suffered the injuries and damages set forth herein, including its full actual damages and including damages to LYB's other product stored and transported in the cars.

21. As a result of such breach of warranty, Rescar is liable to LYB for any and all damages proximately caused, as well as prejudgment and post-judgment interest as allowed by law, costs of court, and any other remedy available at law or equity.

## Negligence

22. Rescar is liable to LYB for negligence. Rescar had duties with respect to the project and associated services, including the duty to perform its repair services with diligence, the duty to properly prepare the cars for the repairs, the duty to perform the services in the manner that a similarly situated service provider would

have performed under the same or similar circumstances, the duty to ensure that its work met applicable project requirements for use by LYB, and the duty to ensure that the cars returned to LYB had been properly and fully repaired. Rescar breached those duties and proximately caused LYB substantial damages.

23. As a result of such negligence, Rescar is liable to LYB for any and all damages proximately caused, as well as prejudgment and post-judgment interest as allowed by law, costs of court, and any other remedy available at law or equity.

## Gross Negligence

24. Rescar is liable to LYB for gross negligence. Rescar's acts and omissions, when viewed objectively from Rescar's standpoint at the time of its defective work, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Rescar had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. Rescar's gross negligence caused substantial damages to LYB as set forth above.

25. As a result of such gross negligence, Rescar is liable to LYB for any and all damages proximately caused, as well as prejudgment and post-judgment interest as allowed by law, costs of court, exemplary damages as may be awarded by the trier of fact, and any other remedy available at law or equity.

## V.
## REQUEST FOR RELIEF

LYB respectfully requests that the Court grant the following relief: (a) actual damages; (b) pre-judgment and post-judgment interest as allowed by law; (c) costs of court; (d) reasonable and necessary attorneys' fees; (e) exemplary damages as found by the trier of fact; and (f) any and all other remedies available at law or equity.

Dated: April 17, 2025

Respectfully submitted,

**VASQUEZ WAITE PLLC**

*/s/ Mark Waite*
Mark A. Waite
Attorney in Charge
Texas Bar No. 00791865
Federal ID No. 18194
mark@vasquezwaite.com
Cara E. Vasquez
Texas Bar No. 24084011
Fed No. 1998312
cara@vasquezwaite.com
Samantha Craig
Texas Bar No. 24103743
Fed. No. 3181582
samantha@vasquezwaite.com
440 Louisiana St., Suite 1600
Houston, Texas 77002
Telephone: (713) 993-7950

**ATTORNEYS FOR PLAINTIFFS LYONDELL CHEMICAL COMPANY and EQUISTAR CHEMICALS, LP**